IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NORTH CYPRESS FITNESS STUDIO, LLC** | * | |
| | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | |
| | * | |
| **NATIONAL CASUALTY COMPANY** | * | |
| | * | |

**************************************************************************

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes complainant, North Cypress Fitness Studio, LLC (hereinafter "Complainant"), and files its Complaint for Damages against defendant, National Casualty Company (hereinafter "NCC"), respectfully averring as follows:

**I. PARTIES**

**1.**

Made Complainant herein is **NORTH CYPRESS FITNESS STUDIO, LLC**, a Louisiana limited liability company domiciled in the State of Louisiana and doing business in the Parish of Tangipahoa, Louisiana.

**2.**

Made Defendant herein is **NATIONAL CASUALTY COMPANY**, an insurer domiciled in the State of Ohio who is authorized to do and is doing business in the State of Louisiana and the Parish of Tangipahoa, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II.  JURISDICTION AND VENUE

**3.**

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

**4.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainant resides in this District and the property that is subject to the dispute between Complainant and Allstate is located in this District.

## III.  RELEVANT FACTS

**5.**

At all times relevant hereto, Complainant owned the property located at 1606 South Magnolia Street, Hammond, Louisiana 70403 (the "Property").

**6.**

At all times relevant hereto, NCC provided a policy of insurance, number KKO0000025525300 (the "Policy"), to Complainant which covered the Property against perils including hurricanes.

**7.**

On or around August 29, 2021, Hurricane Ida caused significant damages to Complainant's Property, its contents/business personal property, and cost and will cost Complainant substantial losses in business income/extra expense.

**8.**

Complainant promptly reported the loss to NCC, who assigned it claim number RM00124-21 (the "Claim").

**9.**

On or about July 30, 2022, Kevin Summers of N&C Claims Service of Indiana inspected the Property for NCC and documented $2,407,353.17 (RCV) / $1,817,366.11 (ACV) to the Building, and after applying the Policy's deductible, Mr. Summers recommended payment of $1,814,866.11 for its Building damages—Mr. Summers did not investigate other coverages. However, no payment was ever made based on Mr. Summers' inspection.

**10.**

NCC's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**11.**

NCC tendered $500,000.00 as an advance for Complainant's Building loss, but no other proceeds were forthcoming.

**12.**

Complainant was unable to make meaningful repairs to its Property without sufficient insurance proceeds. Complainant promptly put NCC on notice of the deficiency.

**13.**

Thereafter, Randy Thompson of Building Damage Consultants inspected the Property on behalf of Complainant and created an estimate totaling $4,604,115.74 in damages to the Building,

$255,840.73 in damages to Other Structures, and $258,472.24 in damages to Business Personal Property.  Proof of this loss was submitted to NCC, to no avail.

### 14.

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

### 15.

To date, NCC has made only inadequate tenders for Complainants' substantial and covered losses.

### 16.

As a result of NCC's failure to timely and adequately compensate Complainant for its substantial losses, the Property remains in a state of disrepair today.

### 17.

Upon information and belief, NCC's failure to timely and adequately compensate Complainant for its loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

### 18.

Upon information and belief, NCC purposely and/or negligently misrepresented to Complainant the terms and conditions of the Policy.

### 19.

Upon information and belief, NCC conducted the investigation and claims handling for Complainant's claims in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**20.**

Upon information and belief, NCC manipulated its pricing software to artificially suppress the cost of repairs below market value.

**21.**

Upon information and belief, NCC purposely or at least negligently failed to include adequate overhead and profit in its estimates of damages.

**22.**

Complainant has incurred and/or will incur losses of business income and/or extra expenses as a result of Hurricane Ida and NCC's failure to timely compensate it for its substantial and covered losses.

### III. CAUSES OF ACTION

#### A. Breach of the Insurance Contract

**23.**

Complainant realleges and re-avers the allegations contained in paragraphs 1-22, above, as if restated herein.

**24.**

An insurance contract, the Policy, exists between Complainant and NCC.

**25.**

The Policy provides coverages for perils including hurricanes.

**26.**

Despite having received satisfactory proof of loss for damages caused by Hurricanes Ida, NCC failed to timely tender adequate insurance proceeds as required by the Policy.

**27.**

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of its own inspections of the Property, NCC breached the Policy.

**28.**

By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of those proofs of loss submitted by Complainant, including documentation from Complainant, NCC breached the Policy.

**29.**

By purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy, NCC breached the Policy.

**30.**

By failing to conduct the claims handling for Complainant's Claim in good faith and with fair dealing, NCC breached the Policy.

**31.**

By manipulating its pricing software to artificially suppress the cost of repairs below market value, NCC breached the Policy.

**32.**

By failing to include adequate overhead and profit in its estimates of damages, NCC breached the Policy.

**33.**

Complainant has suffered and continues to suffer damages as a result of these breaches of the Policy.

## B. Bad Faith

**34.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-33, above, as if restated herein.

**35.**

The actions and/or inactions of Scottsdale in failing to timely and adequately compensate Complainant for their covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Scottsdale liable for statutory bad faith penalties.

**36.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

**37.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**38.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**39.**

NCC is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with their claims despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Complainant.

**40.**

NCC's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

**41.**

NCC's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

**42.**

NCC's failure to pay timely for damages it knew, or should have known, existed at the time it received proofs of loss from Complainant was in bad faith.

**43.**

NCC's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

**44.**

NCC's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

**45.**

NCC's handling of Complainant's claims were in bad faith.

## IV. DAMAGES

**46.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-45, above, as if restated herein.

**47.**

As a result of NCC's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal or temporary repairs at the Property;

d. Actual costs related to business property manipulation, cleaning, repair, and/or replacement;

e. Loss of business income/extra expense;

f. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**48.**

Complainant requests a trial by jury.

**49.**

**WHEREFORE,** Complainant, North Cypress Fitness Studio, LLC, prays that, Defendant, National Casualty Company , be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper

legal proceedings, there be a judgment entered in favor of Complainant, North Cypress Fitness Studio, LLC, and against Defendant, National Casualty Company , in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

                      **RESPECTFULLY SUBMITTED:**

_____
Galen M. Hair, La. Bar. No. 32865
Trent J. Moss, La. Bar No. 37406
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Road, W., Suite 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
moss@hairshunnarah.com
hair@hairshunnarah.com

**PLEASE SERVE:**

**National Casualty Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809.